

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TYLER RAYLEN COLBERT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:15-CV-070-A |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Tyler Raylen Colbert, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred, in part, and for failure to exhaust, in part.

### I. FACTUAL AND PROCEDURAL HISTORY

On June 6, 2012, in Tarrant County, Texas, pursuant to plea

---

[1] Effective May 4, 2016, Lorie Davis replaced Williams Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

bargain agreements, petitioner pleaded guilty to aggravated robbery and burglary of a habitation in Case Nos. 1247397D and 1272792D, and was placed on ten years' deferred adjudication community supervision and fined $1,000 in each case. Adm. R., Clerk's Rs. 26 & 22, ECF Nos. 8-10 & 8-11. Petitioner did not appeal the orders of deferred adjudication; therefore, they became final under state law thirty days later on July 6, 2012. TEX. R. APP. P. 26.2(a)(1); *Manuel v. Texas*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). The state later moved to adjudicate petitioner's guilt, alleging various violations of his community supervision. Adm. R., Clerk's Rs. 38, ECF No. 8-10 & 34, ECF No. 8-11. On August 8, 2013, after a hearing, the trial court adjudicated petitioner's guilt on both charges and sentenced him to 20 years' confinement for aggravated robbery and 10 years' confinement for burglary of a habitation. *Id.* at 45, ECF No. 8-10 & 41, ECF No. 8-11. Petitioner appealed the adjudication judgments, but the Second District Court of Appeals of Texas affirmed the judgments on March 27, 2014. *Id.*, J. & Mem. Op. 10, ECF No. 8-5. Petitioner did not file a petition(s) for discretionary review in the Texas Court of Criminal Appeals. Therefore, the judgments became final thirty-two days later on Monday, April 28, 2014. TEX. R. APP. P. 68.2(a); *Roberts v.*

*Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Petitioner also filed a state habeas application challenging the guilty plea and adjudication proceedings on November 1, 2014, which was dismissed on December 17, 2014, for noncompliance with Texas's form requirements under Rule 73 of the Texas Rules of Appellate Procedure.[2] Adm. R., ECF No. 8-14 & ECF No. 81-6. This federal petition was filed on January 29, 2015.[3]

## II. ISSUES

Petitioner raises the following grounds for habeas relief:

(1) and (2) The trial court abused its discretion by finding the burglary allegation in the third paragraph in the state's amended petitions to proceed to adjudication of guilt to be true;

(3) There was a fatal variance between the proof and the indictment and, in violation of double jeopardy, he was indicted for both burglary of a habitation of a disabled person and robbery of that same disabled person based on the same evidence; and

---

[2]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" reflects that petitioner signed the document on November 1, 2014. For purposes of this opinion, petitioner's state habeas application is deemed filed on that date.

[3]Similarly, petitioner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). However, petitioner does not indicate the date he placed the document in the prison mailing system or the date he signed the document. Thus, petitioner is not given the benefit of the prison mailbox rule as to his federal petition.

(4) He received ineffective assistance of counsel during the original plea proceedings rendering his plea involuntary.

Pet. 6-7, ECF No. 1.

### III. RULE 5 STATEMENT

Respondent believes that petitioner's claims are time-barred, in part, and wholly unexhausted. Resp't's Prel. Resp.4-11, ECF No. 9.

### IV. STATUTE OF LIMITATIONS

Respondent asserts that petitioner's third and fourth grounds are time-barred. Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id. § 2244(d)(1)-(2).

Petitioner's grounds three and four involve matters discoverable or occurring before or during the original plea proceedings. As to those claims, the one-year limitations period began to run on the date the orders of deferred adjudication became final upon expiration of the time that petitioner had for filing a notice(s) of appeal on July 6, 2012, and expired one year later on July 6, 2013, absent any applicable tolling. Id. § 2244(d)(1)(A); Caldwell v. Dretke, 429 F.3d 521, 530 (5th Cir. 2005); Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998).

For purposes of statutory tolling, petitioner's state habeas application filed after limitations had already expired did not

operate to toll the limitations period.[4] *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner demonstrated that he is entitled to equitable tolling. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, - U.S. -, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner makes no such showing. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Thus, the petition is time-barred as to petitioner's third and fourth grounds.

## V. EXHAUSTION

Respondent also asserts that all of petitioner's grounds are unexhausted. As grounds three and four are time-barred, the court addresses the exhaustion issue only as to grounds one and two.

---

[4] Petitioner's state habeas application was dismissed for noncompliance with the state's form requirements. Thus, even if it had been filed within the limitations period, it would not have operated to toll limitations. *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000); *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999); *Davis v. Quarterman*, No. 4:07-CV-203-A, 2008 WL 2002936, at *2 (N.D.Tex. May 8, 2008), *aff'd*, 342 Fed. Appx. 952, 2009 WL 2710057 (5th Cir. 2009), *cert. denied*, 559 U.S. 1046 (2010).

Title 28 U.S.C. § 2254 provides, in relevant part:

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
> **(A)** the applicant has exhausted the remedies available in the courts of the State; or
> **(B)(i)** there is an absence of available State corrective process; or
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> **(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

*Id.*, § 2254(b)(1), (c).

It is well established that a prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims through available state procedures prior to requesting federal collateral relief. *Id.*; *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied by presenting the substance of the federal habeas claim to the highest court in the state *via* direct appeal or state habeas application. *Id.*; *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980). Petitioner did not file a petition(s) for discretionary review nor has he

availed himself of the state postconviction habeas remedy for purposes of exhausting these claims. Thus, the claims are unexhausted for purposes of federal habeas review. Dismissal, without prejudice, of the claims is warranted so that petitioner may exhaust his state court remedy and return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

The court is aware that the limitations period for filing a federal petition raising these claims expired on April 28, 2015, during the pendency of this federal habeas petition. The pendency of a federal proceeding does not provide a statutory basis for tolling the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181 (2001). Therefore, a dismissal without prejudice may jeopardize petitioner's ability to seek a later review of the claims in federal court. Under these circumstances, a federal court has the discretion to either stay and abate or dismiss the action. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir.1998). Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The court

finds no good cause excusing petitioner's failure to exhaust his state court remedies.

Petitioner claims that after he received notice of the appellate court's decision, he had only 10 days to file a petition(s) for discretionary review "and as a MHMR inmate with less than a highschool education then he did not have a fair chance to present a timely (P.D.R.) when Texas does not offer an attorney at that stage for its special inmates." Pet'r's Resp. 6, ECF No. 11. He further claims that the Texas Court of Criminal Appeals's dismissal of his state habeas application for failing to comply with rule 73 of the Texas Rules of Appellate Procedure was an abuse of discretion and a miscarriage of justice. *Id*. According to petitioner, he should not be "expected to live up to all the rules and procedures as a qualified competent attorney" given the complexity of the rules and procedures. *Id*. However, late notice of state court rulings, pro se status, and ignorance of the law and/or rules of court are common problems for inmates seeking postconviction habeas relief. *See McIntyre v. Quarterman*, No. 3:09-CV-0574-B, 2009 WL 1563516, at *2-3 (N.D.Tex. June 2, 2009). Further, petitioner provides no proof that mental illness or disease prevented him from exhausting his state remedies.

For the reasons discussed herein,

9

The court ORDERS that grounds one and two in the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and are hereby, dismissed without prejudice for failure to exhaust state remedies and that grounds three and four be, and are hereby, dismissed as time-barred. The court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED June __1__, 2016.

*/s/ John McBryde*
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE